**Christina Stephenson, OSB No. 102287**
christina@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADRIANA GARCIA**, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br> **URBAN WAXX LLC**, an Oregon Domestic Limited Liability Company, and **JOSEPH BEEKMAN,** <br><br>　　　　　Defendants. | Case No. 3:21-cv-745 <br><br> **COMPLAINT** <br><br> Families First Coronavirus Response Act §§ 5102, 5104, 5105(a); et al. <br><br> DEMAND FOR JURY TRIAL |

**NATURE OF THE ACTION**

1.

Plaintiff Adriana Garcia ("Plaintiff" or "Garcia") brings this action for monetary and injunctive relief, damages, costs, punitive damages, and attorney's fees to redress injuries done to her by her former employer, Defendant Urban Waxx, LLC and its officers, employees, or agents

Page 1　　**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

in contravention of Plaintiff's federal and state protected employment rights under: Families First Coronavirus Response Act §§ 5102, 5104, 5105(a) and additional statues cited herein.

## PARTIES, JURISDICTION & VENUE

2.

Plaintiff is an individual who resides in Oregon.

3.

Defendant Urban Waxx, LLC ("Urban Waxx"), is a limited liability company formed under the laws of Oregon with its principal place of business in Portland, Oregon.

4.

At all material times, Plaintiff was employed by Urban Waxx in Oregon and performed work in the territory of the Portland Division of the U.S. District Court for the District of Oregon. Urban Waxx also maintains one or more business locations in the territory of the Portland Division of the U.S. District Court for the District of Oregon.

5.

At all material times, Urban Waxx was Plaintiff's employer, Plaintiff was supervised by Urban Waxx's employees or agents, and Plaintiff relied on the actual or apparent authority of Urban Waxx's employees, supervisors and management.

6.

Urban Waxx was at all relevant times a company with fifty or more employees in Oregon.

Page 2      **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

7.

Urban Waxx was at all material times an employer subject to the Family and Medical Leave Act ("FMLA"), including as amended through the Families First Coronavirus Response Act ("FFCRA"), and an employer subject to the leave requirements of the FFCRA.

8.

Defendant Joseph Beekman ("Beekman") is an individual, who, on information and belief, is a resident of Oregon. Beekman was at all material times, an agent and Administrator of Urban Waxx. At all material times, Beekman acted directly or indirectly in the interest of Urban Waxx in relation to Plaintiff.

9.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under FFCRA §§ 5102, 5104, 5105(a). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

10.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b) (2) because all of the events or omissions giving rise to the claims in this action occurred in the District of Oregon.

**FACTUAL ALLEGATIONS**

11.

Plaintiff was hired in or around June of 2019 by Urban Waxx as a General Experience Manager ("GEM") for their Timberland (Portland) location. In or about early March of 2020, after

eight months of employment, Garcia was given a performance review and told that she "greatly exceeds expectations." Plaintiff was also given a raise to $14.25 per hour starting March 1, 2020.

12.

In or around late March 2020, Urban Waxx furloughed the majority of its employees due to COVID-related business closures. As it approached time to re-open some locations, Beekman sent out an email to employees stating that Urban Waxx would not be able to provide full hours to all staff and asked if anyone would like to delay their return to work and continue their quarantine.

13.

On or around April 18, 2020, Plaintiff responded to Beekman's inquiry that she did not yet want to return because, among other reasons, her children were "distance learning" from home as their school had been closed and Plaintiff did not have access to childcare.

14.

On or around May 29, 2020, General Manager Ashley Carron ("Carron") emailed Plaintiff informing her that the Timberland salon would be re-opening soon and asked when Plaintiff would be able to resume her shifts. Plaintiff responded that she hoped her children would be able to attend their summer programs as planned and, if so, she would be able to resume her regular schedule on July 1. Carron emailed back a schedule with Plaintiff's first shift back to be July 8.

15.

On or around July 2, 2020, Plaintiff sent an email to Carron reiterating that she had been forced to step back from work to care for her children while trying to find a safe and open childcare option and inquired as to why she was not offered a work from home option as she learned other GEMs were. Carron replied to Plaintiff's email explaining that Plaintiff was not eligible to work from home; Carron claimed that this was offered only to people who could work right away upon

reopening. This de-facto policy had a disparate and adverse impact on employees with children or other caregiving responsibilities.

16.

Additionally, at no time did Urban Waxx provide Plaintiff with any information about the Family First Coronavirus Response Act ("FFCRA"), as is required by 29 CFR § 826.80. FFCRA included two components: the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA"). Under these laws, any employee who needs to take care of their children because of school/care closures due to COVID is entitled to leave under both the EPSLA and the EFMLEA; under the EFMLEA an employee may take up to twelve weeks of leave and the first two weeks may be paid under the EPSLA, with the remaining ten weeks being paid under the EFMLEA.

17.

On or around July 7, 2020, at around 2:30 p.m., Carron emailed Plaintiff stating that she was "sensing there are still some negative feelings…" and asked her to have a Zoom meeting with Joe and Shannon Beekman at 3:30 p.m. that same day, prior to her shift the following day. Plaintiff communicated that she was unable to meet at that time but would be available during her scheduled shift the next day. Beekman emailed back stating that it would be mandatory for Plaintiff to attend a meeting prior to returning to work and that he was taking her off of the schedule.

18.

On or around the evening of July 7, 2020, Plaintiff sent an email to Beekman requesting to take emergency paid leave under the FFCRA because her children's schools, summer camps, and summer programs had been closed due to Coronavirus. Plaintiff stated that she planned to take

Page 5   **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

twelve weeks of total leave beginning on July 15, 2020, after her next scheduled shift on July 13, to allow them time to find coverage.

19.

On or around July 8, 2020, Beekman denied Plaintiff's request to take FFCRA leave and stated that she had been "functionally suspended" from her position. After days of back and forth emails of Beekman interfering with Plaintiff's ability to properly request and start her leave, Beekman finally accepted her request but attempted again to deter Plaintiff from taking FFCRA leave by stating that it was in her best interest to instead accept a voluntary layoff and qualify for unemployment.

20.

On or around July 14, 2020 Plaintiff confirmed with Joe Beekman that she would like to proceed with her request for FFCRA leave.

21.

Thereafter, Defendants paid Plaintiff as follows:

- 4.5 hours at the rate of $9.50/hour for the two-week period ending July 15, 2020;
- 10 hours at the rate of $9.50/hour for the two-week period ending July 31, 2020;
- 9 hours at the rate of $9.50/hour for the two-week period ending August 15, 2020;
- 9 hours at the rate of $9.50/hour for the two-week period ending August 31, 2020;
- 9 hours at the rate of $9.50/hour for the two-week period ending September 15, 2020; and
- 13.5 hours at the rate of $9.50/hour for the two-week period ending September 30, 2020; totaling $522.50 for both paid sick leave and expanded family and medical leave pay.

In contrast, Plaintiff should have been paid a total of $2,232.50. For paid sick leave, Plaintiff should have been paid 2/3 of 47 hours at the rate of $14.25 for one two-week period, totaling $446.50. Thereafter, for expanded family and medical leave pay, Plaintiff should have been paid 2/3 of 47 hours at the rate of $14.25 for four two-week periods, totaling $1,786.00.

Page 6    **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

22.

Because of Defendants' actions, Plaintiff has suffered damages, including but not limited to lost wages and other income and emotional distress. Plaintiff also continues to accrue attorney fees and costs in pursuing this action.

**CLAIMS FOR RELIEF**

**Count One**
**FFCRA §§ 5102, 5105(a), 29 U.S.C. § 206**
**FFCRA Paid Leave Denial**
**(Against All Defendants)**

23.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

24.

The FFCRA provides that:

> An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because: … (5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID–19 precautions.

FFCRA § 5102(a), PL 116-127, March 18, 2020, 134 Stat 178.

25.

The FFCRA also provides that:

> The amount of hours of paid sick time to which an employee is entitled shall be as follows:
> (A) For full-time employees, 80 hours.
> (B) For part-time employees, a number of hours equal to the number of hours that such employee works, on average, over a 2-week period.

FFCRA § 5102(b)(2), PL 116-127, March 18, 2020, 134 Stat 178.

26.

The FFCRA further provides that:

> An employer who violates section 5102 shall—
> (1) be considered to have failed to pay minimum wages in violation of section 6 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206); and
> (2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

FFCA § 5105(a), PL 116-127, March 18, 2020, 134 Stat. 178.

27.

Urban Waxx and Beekman are both an "employer" under 29 CFR § 826.10(a). Urban Waxx and Beekman violated FFCRA § 5105(a) and 29 U.S.C. § 206 by denying to Plaintiff paid leave amounts to which she was entitled. As a result, Plaintiff is entitled to "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" among other remedies, including attorney fees, costs, and injunctive relief. 29 U.S.C. §§ 216(b) and 217. Plaintiff is due $2,232.50 in wages lost, plus $2,232.50 in liquidated damages for a total of $4,465.

### Count Two
### FFCRA §§ 5104, 5105(a), 29 U.S.C. § 215(a)(3)
### FFCRA Paid Leave Retaliation
### (Against All Defendants)

28.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

29.

The FFCRA provides that:

> It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who—
> (1) takes leave in accordance with this Act; and

> (2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (including a proceeding that seeks enforcement of this Act), or has testified or is about to testify in any such proceeding.

FFCRA § 5104, PL 116-127, March 18, 2020, 134 Stat 178.

30.

The FFCRA also provides that:

> An employer who willfully violates section 5104 shall—
> (1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)); and
> (2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

FFCRA § 5105(b), PL 116-127, March 18, 2020, 134 Stat 178.

31.

Urban Waxx and Beekman are both an "employer" under 29 CFR § 826.10(a). Urban Waxx and Beekman violated FFCRA § 5105(b) and 29 U.S.C. § 215(a)(3) by taking adverse action against Plaintiff, including suspension and failing to pay all FFCRA wages due, on the basis of Plaintiff's use or attempted use of paid leave to which she was entitled. As a result, Plaintiff is entitled to "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" among other remedies, including attorney fees, costs, and injunctive relief. 29 U.S.C. §§ 216(b) and 217.

### Count Three
### 29 U.S.C. §§ 2615 and 2617; 29 CFR § 826.151
### FMLA/EFMLEA Interference
### (Against All Defendants)

32.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

Page 9    **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

33.

Pursuant to 29 CFR § 826.151(a):

> The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. 2615, apply to Employers with respect to Eligible Employees taking, or attempting to take, leave under the EFMLEA.

34.

29 CFR § 826.151(b) provides that:

> An Employer who commits a prohibited act described in paragraph (a) of this section shall be subject to the enforcement provisions set forth in section 107 of the FMLA, 29 U.S.C. 2617, and § 825.400 of this chapter, except that an Eligible Employee may file a private action to enforce the EFMLEA only if the Employer is otherwise subject to the FMLA in the absence of EFMLEA.

35.

Urban Waxx and Beekman are both an "employer" under 29 CFR § 826.10(a). Urban Waxx and Beekman violated 29 U.S.C. §§ 2615 and 2617, and 29 CFR § 826.151, by interfering with the exercise of Plaintiff's rights under the FFCRA. As a result, Plaintiff is entitled to damages, interest, liquidated damages, equitable relief, attorney fees, and costs.

### Count Four
### Portland City Code § 23.01.050
### Family Status Discrimination
### (Against All Defendants)

36.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

37.

Portland City Code § 23.01.050 provides that it is an unlawful employment practice to discriminate in employment on the basis of an individual's familial status.

Page 10     COMPLAINT

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

38.

Urban Waxx and Beekman violated Portland City Code § 23.01.050 by denying Plaintiff work from home opportunities and/or concealing and/or interfering with Plaintiff's use of FFCRA, on the basis of her familial status.

39.

As a direct and proximate result of Defendants' conduct Plaintiff has suffered and will continue to suffer damages as alleged above.

**<u>Count Five</u>**
**ORS 653.025**
**Failure to Pay Wages**
**(Against Urban Waxx)**

40.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

41.

At all material times, Plaintiff was not paid for all time worked in the following ways: 1) Defendant failed to compensate Plaintiff for a full thirty minutes when Plaintiff's meal break was less than thirty uninterrupted minutes. Plaintiff estimates she had at least six shortened meal periods. *See Maza v. Waterford Operations, Ltd. Liab. Co.*, 300 Or. App. 471, 476 (2019); 2) Plaintiff was not paid for her 35-minute work meeting on July 13, 2020; 3) Plaintiff was not paid for all wages owed under FFCRA, as described above. On April 23, 2020 Plaintiff demanded her unpaid wages and Defendant did not thereafter pay the amount due.

42.

As a result of said conduct, pursuant to ORS 653.055, Plaintiff is entitled to payment from Defendants of all unpaid wages in an amount to be proven at trial, prejudgment interest thereon and thirty days of penalty wages in the amount of $3420.00 under ORS 652.150.

43.

Plaintiff is also entitled to payment of reasonable attorney's fees and costs pursuant to ORS 652.200 and ORS 653.055(4).

### Count Six
### ORS 652.140
### Failure to Pay Wages Upon Termination
### (Against Urban Waxx)

44.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

45.

When an employer terminates an employee, Oregon wage law requires the employer to pay the employee all compensation due at the "end of the first business day after the discharge or termination." ORS 659.140.

46.

Urban Waxx violated ORS 652.140 by failing to provide Plaintiff a final paycheck within the time allowed by law and are liable to Plaintiff for the amounts stated in Counts Five and Six above.

### DEMAND FOR JURY TRIAL

47.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## PRAYER FOR RELIEF

48.

WHEREFORE, Plaintiff requests the following judgments against Defendants:

(a) Economic damages in an amount to be determined at trial;

(b) Non-economic damages, including for pain, suffering, and emotional distress, in an amount to be determined at trial;

(c) Punitive damages in an amount to be determined at trial;

(d) Liquidated damages in an amount to be determined at trial, as alleged above;

(e) Reasonable costs and attorney fees, as alleged above;

(f) Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

(g) Prejudgment and post-judgment interest as appropriate and allowed by law;

(h) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

(i) All such other relief as this Court may deem proper.


DATED:   May 14, 2021                MEYER STEPHENSON

                                      *s/ Christina Stephenson*
                                      Christina Stephenson, OSB No. 102287
                                      christina@oregonworkplacelaw.com

                                      *Of Attorneys for Plaintiff*

Page 13    **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

Page 14     **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022